UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JERRY A. BRENDEN,<br><br>    Plaintiff,<br><br>  v.<br><br>LORI CARLSON, et al.,<br><br>    Defendants. | CASE NO. C12-872 JLR<br><br>ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS, DENYING MOTION FOR TEMPORARY RESTRAINING ORDER, AND DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |

**I. INTRODUCTION**

Before the court is *pro se* Plaintiff Jerry A. Brenden's motions for temporary restraining order (Dkt. # 2) and to proceed *in forma pauperis* (Dkt. # 3). Having reviewed the motions, the court DENIES Mr. Brenden's motion for a temporary restraining order, and DENIES Mr. Brenden's motion to proceed *in forma pauperis* but without prejudice.

In addition, the court has reviewed Mr. Brenden's complaint (Dkt # 1), which fails to allege any grounds for the court's exercise of subject matter jurisdiction and is largely

incomprehensible. Accordingly, the court ORDERS Mr. Brenden, within 20 days of the date of this order, to file an amended complaint which corrects the deficiencies described below or to otherwise show cause why his complaint should not be dismissed for lack of subject matter jurisdiction and for failure to state a claim under Federal Rules of Civil Procedure 8 and 12.

## II.  BACKGROUND

Mr. Brenden has filed at least two prior actions in this court against Defendant Sellen Construction. (*See Brenden v. Sellen Construction*, Case No. C05-1681RSL (W.D. Wash.) & *Brenden v. Sellen Construction*, Case No. C05-0427RSM (W.D. Wash.).) Although the allegations in Mr. Brenden's prior actions are difficult to discern, his previous complaints appear to relate to a claim that he filed with the Washington State Department of Labor and Industries for worker's compensation benefits arising out of an injury he sustained in 1999 while employed at Sellen Construction. Both of Mr. Brenden's prior actions were dismissed either on summary judgment or for failure to state a claim. (*See* Case No. C05-1681RSL (Dkt. ## 59, 60); Case No. C05-0427RSM (Dkt. ## 14, 15).)

On May 18, 2012, Mr. Brenden filed the present action alleging claims not only against Sellen Construction, but several other defendants as well, including Lori Carlson, Lisa Vivial, Eberl Vivian, Gary K. Weeks, the Department of Labor and Industries, Dave Treaty, Division I of the Washington State Court of Appeals, and "Others." (*See* Compl. (Dkt. # 1) at 1.) Based on the court's review of Mr. Brenden's present complaint, the court believes that the instant action may relate again in some way to Mr. Brenden's prior

worker's compensation claim, his prior employment with Defendant Sellen Construction, and an order from the Department of Labor and Industries denying payment to one of Mr. Brenden's healthcare providers in 2003. (*See generally* Compl. (Dkt. # 1).) However, the specifics of any wrongs alleged by Mr. Brenden are impossible to discern. The few allegations that Mr. Brenden has stated are generally incomprehensible and include statements such as the following:

> My Body is at Risk to me and to others today and as it was in 2000 when the legal course was for the defendants to stand on the part of my back that was not the primary injurt of Lumbar over Thourastic part of my back.

(Compl. at 2.) In addition, Mr. Brenden's complaint contains no factual allegations referencing any defendant other than the Department of Labor and Industries. Finally, his complaint also fails to allege any grounds for the court's exercise of subject matter jurisdiction here.

Mr. Brenden also styled his complaint as an emergency motion for a temporary restraining order and as a request to proceed *in forma pauperis*. (*See id.* at 1.) Despite his request to proceed *in forma pauperis*, at the time that Mr. Brenden filed his complaint, he paid his filing fee in full. (*See* Dkt. # 1 (referencing "Receipt # SEA049247").)

On May 25, 2012, Mr. Brenden filed two motions. He filed a second motion for a temporary restraining order. (*See* TRO Mot. (Dkt. # 2).) He also filed another motion to proceed *in forma pauperis*, and included in this motion a third request for a temporary restraining order. (*See* IFP Mot. (Dkt. # 3).) Like his initial filing, both of these motions are largely incomprehensible. (*See generally* TRO Mot. & IFP Mot.)

## III. ANALYSIS

### A. Motion to Proceed In Forma Pauperis

Mr. Brenden initiated this action on May 18, 2012, by filing a complaint and paying the filing fee. (*See* Dkt. # 1.) The court, therefore, construes Mr. Brenden's motion to proceed *in forma pauperis* as including a request for a refund of his previously paid fee. *See, e.g.*, *Corbella v. Friedman*, No. CIV S-07-1020 RRB EFB PS, 2007 WL 2070333, at *1 (E.D. Cal. July 17, 2007). Mr. Brenden's motion, however, fails to inform the court whether he "is unable to pay . . . [the filing] fees or give security" for them, and therefore fails to meet the requirement of 28 U.S.C. § 1915(a)(1).[1] Accordingly, the court denies Mr. Brenden's motion to proceed *in forma pauperis* without prejudice. Within 20 days of the date of this order, Mr. Brenden may file a completed application to proceed *in forma pauperis*. The court directs the clerk to send Mr. Brenden a copy of the court's *in forma pauperis* application.

### B. Motions for Temporary Restraining Order

Mr. Brenden has asked for a temporary restraining order three times in less than two weeks. (*See* Dkt. ## 1, 2, 3.) The standards governing the issuance of temporary restraining orders are "substantially identical" to those governing the issuance of preliminary injunctions. *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2011). Accordingly, Mr. Brenden must establish

---

[1] Despite language in the statute which refers to "prisoners," *see* 28 U.S.C. § 1915(a)(1), all persons may seek *in forma pauperis* status under the statute. *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 891 (9th Cir. 2011) (citing *Andrews v. Cervantes*, 493 F.3d 1047, 1052 n.1 (9th Cir. 2007)).

(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In addition, a "preliminary injunction is appropriate when a plaintiff demonstrates that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," provided the plaintiff also demonstrates irreparable harm and that the injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

As noted above, Mr. Brenden's complaint is nearly incomprehensible, and the same is true of his motion for a temporary restraining order. (*See generally* TRO Mot.) Accordingly, Mr. Brenden has failed to establish the requirements for injunctive relief, including that he is likely to succeed on the merits, that he will suffer irreparable harm, or that an injunction is in the public interest. Further, Mr. Brenden has failed to describe or explain any efforts to give notice to Defendants of his motion for a temporary restraining order or the reasons supporting a claim that notice should not be given. *See* Fed. R. Civ. P. 65(b)(1)(B). For all of the foregoing reasons, the court denies Mr. Brenden's motion for a temporary restraining order.

### C. Dismissal of Complaint

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint shall include "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). "Each allegation must be simple,

concise and direct." Fed. R. Civ. P. 8(d)(1). A district court has the power to dismiss a complaint when a plaintiff fails to comply with Federal Rule of Civil Procedure 8. *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981). Further, "[a] trial court may dismiss a claim *sua sponte* under [Federal] Rule [of Civil Procedure]12(b)(6)." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). "Such dismissal may be made without notice where the claimant cannot possibly win relief." *Id.*; *see also Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (trial court may *sua sponte* dismiss for failure to state a claim without notice or an opportunity to respond where the plaintiff "cannot possibly win relief") (alteration, citation and internal quotations omitted); *Shoop v. Deutsche Bank Nat. Trust Co.*, No. 10-16440, 2012 WL 32137, at *1 (9th Cir. Jan. 6, 2012) (unpublished) (holding that district court did not err in *sua sponte* dismissing pro se complaint).

Although *pro se* complaints are to be construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the court may not supply essential elements that are not pled. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Vague and conclusory allegations are not sufficient to withstand dismissal. *Id.* As noted above, Mr. Brenden's complaint fails to even mention any defendant listed in his caption other than Defendant Sellen Construction. (*See generally* Compl.) His allegations are generally incomprehensible. (*See id.*) In addition, he has failed to aver any basis for the court's exercise of subject matter jurisdiction. (*Id.*) Finally, it also appears that at least some of the issues raised by Mr. Brenden may have been previously disposed of in his prior suits

against Defendant Sellen Construction described above.  Accordingly, the court finds that (1) Mr. Brenden's complaint does not meet the minimal pleading requirements of the federal rules, (2) it further fails to establish a basis for the court's exercise of subject matter jurisdiction, and (3) claim and issue preclusion may be applicable with respect to at least some of his claims.

Based on the foregoing, the court dismisses Mr. Brenden's complaint for failure to state a claim under Federal Rules of Civil Procedure 8 and 12.  Mr. Brenden may file an amended complaint, curing the deficiencies noted above, or otherwise show cause why his complaint should not be dismissed, within 20 days of the date of this order.

## IV.    CONCLUSION

Based on the foregoing, the court DENIES Mr. Brenden's motion for a temporary restraining order (Dkt. # 2).  In addition, the court DENIES Mr. Brenden's motion for *in forma pauperis* status, but without prejudice for reapplication within 20 days of the date of this order (Dkt. # 3).  The court further DIRECTS the clerk to mail a copy of the court's application for *in forma pauperis* status to Mr. Brenden along with a copy of this order.  Finally, the court DISMISSES Mr. Brenden's complaint for failure to state a claim or properly aver a basis for the court's exercise of subject matter jurisdiction under Federal Rules of Civil Procedure 8 and 12 (Dkt. # 1).  The court's dismissal, however, is without prejudice to filing an amended complaint which cures the deficiencies described above, or to otherwise showing cause why his complaint should not be dismissed, within 20 days of the date of this order.  The court further advises Mr. Brenden that failure to file an amended complaint curing the noted deficiencies or to otherwise show cause why

1 | his complaint should not be dismissed within the timeframe set forth by the court will
2 | result in dismissal of his action with prejudice.

       Dated this 30th day of May, 2012.

                                         JAMES L. ROBART
                                         United States District Judge